UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JERRY FRALEY AND SARAH FRALEY, Husband and Wife, Individually and as Parents and Next Friends of L. F., their minor son,<br><br>    Plaintiffs,<br><br>v.<br><br>KROGER LIMITED PARTNERSHIP I,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 22-1597<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant Kroger Limited Partnership I, by counsel, for its Notice of Removal, states the following:

1. On July 20, 2022, the Plaintiffs filed their Complaint and Jury Demand against Defendant Kroger Limited Partnership I and The Kroger Co. in the Hendricks County Superior Court No. 1 of Indiana under Cause No. 32D01-2207-CT-000099, seeking to recover damages allegedly suffered as a result of the named Defendants' negligence which allegedly occurred on or about June 28, 2022.

2. On July 25, 2022, the Defendant received a file-marked copy of Plaintiff's Complaint and Jury Demand (which included a Request for Trial by Jury in the body of the same) and Summons, from Corporation Service Company (CSC), Defendant's registered agent for service of process, CSC having received the Complaint and Summons by Certified Mail.

3. On August 4, 2022, the Plaintiffs filed a Notice of Dismissal Without Prejudice as to Defendant The Kroger Co. Only in the Hendricks County Superior Court No. 1. The Hendricks

County Superior Court No. 1's Order thereon was entered on August 8, 2022, leaving Kroger Limited Partnership I as the sole remaining Defendant in this matter.

4. Defendant Kroger Limited Partnership I, an Ohio limited partnership with its principal place of business in the State of Ohio, is a citizen of the State of Ohio. Defendant Kroger Limited Partnership I's sole general partner is KRGP, Inc., which is incorporated and has its principal place of business in the State of Ohio. KRGP, LLC's officers and their respective states of residence are as follows:

> Christine S. Wheatley – Ohio
> Carin L. Fike – Ohio
> Joseph W. Bradley – Ohio
> Jacqueleen L. Cossey – Tennessee
> John D. DeFrance – California
> Stacey M. Heiser – Ohio
> Nicholas G. Hodge – Ohio
> Rick J. Landrum – Ohio
> Antonio L. Matthews – Ohio
> Phillip B. Nelson – Tennessee
> Dorothy D. Roberts – Ohio

Defendant Kroger Limited Partnership I's sole limited partner is The Kroger Co., which also is incorporated and has its principal place of business in Ohio. The Kroger Co. has no parent corporation and no publicly held corporation owns 10% or more of its stock.

5. While the Plaintiffs' Complaint and Jury Demand does not make any representations regarding the Plaintiffs' 'state citizenship,' on August 3, 2020, the Plaintiffs' counsel verified that the Plaintiffs are citizens of the State of Indiana inasmuch as they (Plaintiffs) are residents of the State of Indiana (living in the housing addition to the north of the Kroger store which is here at issue for approximately twenty-five (25) years) and it is their present intent to remain in the State of Indiana indefinitely.

6. Additionally, the Defendant certifies that to the best of its information and belief, the amount in controversy in the present case exceeds $75,000.00, exclusive of interest and costs. Plaintiffs alleges in their Complaint for Damages that on or about June 28, 2022 Plaintiff L.F., the minor (15 year old) son of Plaintiffs Jerry Fraley and Sarah Fraley, was climbing up the gap or space between the exterior walls of the Kroger store and the former Citizens Bank Store building, the two (2) buildings essentially being located next to each other in the northwest quadrant of the intersection of State Road 267 (Avon Avenue) and U.S. 36 (Rockville Road) in Avon, Hendricks County, Indiana, when he (Plaintiff L.F.) fell head-first on the sidewalk below which resulted in L.F. sustaining injuries and in L.F. and his parents, Plaintiffs Jerry Fraley and Sarah Fraley, sustaining damages. ***Complaint and Jury Demand,*** pp. 1-4, ¶¶ 1-2, 10, 13-19. Plaintiffs' three (3) count Complaint and Jury Demand (the first count being based on Plaintiff L.F. being an invitee/social guest, the second count second count being based on L.F. being a licensee, and the third count being based on L.F.'s status as a child trespasser and the "Wall Climbing Use" being an attractive nuisance), alleges that the Defendant was guilty of negligence and that the Plaintiffs sustained damages as a result. ***Id.*** at pp. 4-8, ¶¶ 22-50.

7. On August 2, 2022, the undersigned counsel entered his appearance and served initial discovery requests on the Plaintiffs' counsel. While the undersigned counsel has not yet received responses to the Defendant's discovery requests, on August 3, 2020, the undersigned counsel spoke with the Plaintiffs' counsel who indicated that following his fall Plaintiff L.F. was airlifted from Hendricks County Hospital to Riley Hospital, and that it was determined that he had cracked his skull from ear to ear, broken his lower back, and punctured a lung. Plaintiffs' counsel also noted L.F. was experiencing issues with his speech and that the extent of brain swelling and bleeding and whether Plaintiff L.F. had sustained a mental impairment is not yet known.

8. During the undersigned counsel's August 3, 2020 telephone conference with Plaintiffs' counsel the Plaintiffs' counsel stated that given the extent of Plaintiff L.F.'s injuries the Plaintiffs' damages will clearly be in excess of $75,000 which precludes the Plaintiffs' counsel from stipulating that the amount in controversy is less than $75,000 exclusive of interest and costs.

9. Furthermore, this action does not arise under the worker's compensation laws of any state; is not brought against a common carrier or railroad or the receivers or trustees; does not arise under 45 U.S.C. §§ 51-60; and therefore, this cause is removable to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 (a).

10. Copies of all process, pleadings and orders served upon this Defendant and filed in the state court action are attached hereto, specifically Plaintiffs' Complaint and Jury Demand, Summons, Notice of Service of Process, Plaintiffs' counsel's Appearance, Defendant's counsel's Appearance, Plaintiffs' Notice of Dismissal Without Prejudice as to Defendant The Kroger Co., the Court's August 8, 2022 Order on the Plaintiffs' Notice of Dismissal, and the Defendant's Notice of Removal to Adverse Party and State Court Clerk.

11. Written notice of the removal of the above-captioned cases was given on August 8, 2022 to all adverse parties.

12. Contemporaneously herewith, written notice is being provided to the Clerk of the Hendricks County Courts that this Notice of Removal is being filed with this Court.

WHEREFORE, Defendant Kroger Limited Partnership I files this Notice of Removal so that the entire state court action under 32D01-2207-CT-000099, now pending in the Hendricks County Superior Court No. 1, shall be removed to this Court for all further proceedings.

Respectfully submitted,

By: /s/ Donald B. Kite, Sr.
    Donald B. Kite, Sr., #11601-41
    Attorney for Defendant
    Kroger Limited Partnership I

**CERTIFICATE OF SERVICE**

I hereby certify that on 12th day of August, 2022, a true and correct copy of this document was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's CM/ECF system:

William O. Harrington, #14843-49
HARRINGTON LAW, P.C.
bill@harringtonlaw.com

Christopher L. Arrington, #29141-49
ATTORNEY AT LAW
chris@arringtonlegal.com

    /s/ Donald B. Kite, Sr.
    Donald B. Kite, Sr.

ATTORNEY AT LAW
8082 Stafford Lane
Indianapolis, IN 46260